# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RICHARD ERDMANN,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al.,*

    Defendants.

Case No. 3:25-cv-00027-SLG

## ORDER OF DISMISSAL UPON SCREENING

On February 7, 2025, the Court received a Notice of Removal indicating the defendant(s) in the above captioned case seek to remove a case originally filed in state court by self-represented prisoner Richard Erdmann ("Plaintiff").[1] Plaintiff filed this case against the State of Alaska Department of Corrections ("DOC"), and DOC employees Jen Winkelman, Warren Waters, Kyle Thompson, Sarah Angol, Sidney Wood, and Jake Wyckoff, alleging violations of his constitutional and statutory rights arising from a series of events related to his classification and furlough status, including alleged improper reclassification by DOC employees and failure to comply with a Director's order to return him to furlough.[2] Plaintiff's Complaint alleges that on or about March 1, 2023, he was placed on furlough at

---

[1] Docket 1.

[2] Docket 1 at 2; Docket 1-1 at 2-3.

the Parkview Community Residential Center.[3] But on August 4, 2023, Plaintiff was remanded to the Anchorage Correctional Complex ("ACC") pending a review of his furlough placement.[4] Plaintiff's furlough was subsequently terminated and his administrative appeals of the termination were denied.[5] For relief, Plaintiff seeks monetary damages and an order directing DOC to cease using the alleged altered form.[6]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[7] Additionally, although Plaintiff was detained at the Goose Creek Correctional Center ("GCCC") when he filed this action, and the most recent mail sent from the Court to Plaintiff at GCCC on May 22, 2025 has not been returned to the Court as undeliverable, according to DOC's Victim Information and Notification Everyday ("VINE") service,

---

[3] Docket 1-1 at 3.

[4] Docket 1-1 at 3.

[5] Docket 1-1 at 13-14.

[6] Docket 1-1 at 20.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); See also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

Case No. 3:25-cv-00027-SLG, *Erdmann v. Alaska Department of Corrections, et al.*
Order of Dismissal upon Screening
Page 2 of 9

as of the date of this order, Plaintiff has been released into supervised custody at the Parkview Center.[8]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. The Court further finds that allowing leave to file an amended complaint would be futile.[9] Therefore, this case must be dismissed with prejudice.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[10] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

---

[8] Information regarding inmates in the custody of the Alaska Department of Corrections, such as an inmate's current location and tentative release date, is available through the Victim Information and Notification Everyday (VINE) service at www.vinelink.com.

[9] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

[10] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:25-cv-00027-SLG, *Erdmann v. Alaska Department of Corrections, et al.*
Order of Dismissal upon Screening
Page 3 of 9
Case 3:25-cv-00027-SLG     Document 14     Filed 08/04/25     Page 3 of 9

> (iii) seeks monetary relief against a defendant who is immune from such relief.[11]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[12] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[13] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[14] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[15]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[16] Futility exists when

---

[11] 28 U.S.C. § 1915(e)(2)(B).

[12] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[13] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[14] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[15] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[16] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845

Case No. 3:25-cv-00027-SLG, *Erdmann v. Alaska Department of Corrections, et al.*
Order of Dismissal upon Screening
Page 4 of 9
Case 3:25-cv-00027-SLG     Document 14     Filed 08/04/25     Page 4 of 9

"the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[17]

## DISCUSSION

### I.  Plaintiff has been released from GCCC

According to Alaska's automated inmate information and notification service, Plaintiff is back at the Parkview Center on supervised custody. However, he has not updated his address with the Court. Plaintiff has been informed he is responsible for providing current contact information to the Court.[18] However, the Court will update Plaintiff's address to the Parkview Center.

### II.  Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[19] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[20] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint

---

F.2d 193, 195 (9th Cir. 1988)).

[17] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[18] Docket 12 at 3-4.

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Case No. 3:25-cv-00027-SLG, *Erdmann v. Alaska Department of Corrections, et al.*
Order of Dismissal upon Screening
Page 5 of 9
Case 3:25-cv-00027-SLG     Document 14     Filed 08/04/25     Page 5 of 9

contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[21] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[23] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[24] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[25] Section 1983 does not

---

[21] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[22] *Ashcroft,* 556 U.S. at 678.

[23] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[24] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[25] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

Case No. 3:25-cv-00027-SLG, *Erdmann v. Alaska Department of Corrections, et al.*
Order of Dismissal upon Screening
Page 6 of 9
Case 3:25-cv-00027-SLG    Document 14    Filed 08/04/25    Page 6 of 9

confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[26]

## A. Plaintiff cannot bring civil rights claims against DOC

A defendant in a civil rights lawsuit must be a "person."[27] Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the State's governmental branches, divisions, offices, and departments—from being sued in federal court unless the state has waived its immunity.[28] The State has not waived immunity for civil rights claims alleging violations of the federal Constitution in federal court. Therefore, Plaintiff's claim against DOC cannot be maintained in federal court and must be dismissed with prejudice.

## B. Classification and Furlough

Plaintiff contests the amount of custody points DOC calculated during his reclassification that ultimately made him ineligible for continued furlough placement; he maintains DOC misinterpreted the classification policies and procedures.[29] "[A] prisoner has no [federal] constitutional right to a particular

---

[26] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[27] 42 U.S.C. § 1983.

[28] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh*, 348 U.S. 781 (1978).

[29] Docket 1-1 at 4-5.

Case No. 3:25-cv-00027-SLG, *Erdmann v. Alaska Department of Corrections, et al.*
Order of Dismissal upon Screening
Page 7 of 9
Case 3:25-cv-00027-SLG   Document 14   Filed 08/04/25   Page 7 of 9

classification status[.]"[30] And a state prisoner "does not have a federally created liberty interest in furlough release protected by the federal constitution."[31] Nor is there a federally constitutionally protected liberty interest created by the state's furlough law, because the denial of furlough release does not "impos[e atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[32] Further, Plaintiff has since been returned to his furlough placement. Therefore, Plaintiff has not pleaded sufficient facts, accepted as true, that state a plausible claim for which relief under Section 1983 may be granted. The Court finds that this deficiency could not possibly be cured by the allegation of other facts. Accordingly, Plaintiff's federal constitutional claims are DISMISSED without leave to amend.[33]

### C. Supplemental Jurisdiction over State Tort Claims

Negligence claims do not arise under U.S. Constitution or a federal statute. Instead, they are tort claims grounded in state law and typically addressed in state court.[34] A federal court may assert supplemental jurisdiction over related state law

---

[30] *Hernandez v. Johnston,* 833 F.2d 1316, 1318 (9th Cir. 1987).

[31] *Hertz v. Macomber*, 297 P.3d 150, 156 (2013) (citing *Diaz v. State, Department of Corrections,* 239 P.3d 723, 730 (Alaska 2010) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995))).

[32] *Hertz*, 297 at 157 (quoting *Sandin*, 515 U.S. at 484).

[33] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[34] Prisoners may bring negligence claims against the DOC under Alaska law, provided the claims do not fall within the discretionary function immunity exception. However, claims involving discretionary decisions, such as staffing policies or resource allocation, are generally barred by discretionary function immunity. *See* Alaska Stat. § 09.50.250, 09.50.253.

Case No. 3:25-cv-00027-SLG, *Erdmann v. Alaska Department of Corrections, et al.*
Order of Dismissal upon Screening
Page 8 of 9
Case 3:25-cv-00027-SLG    Document 14    Filed 08/04/25    Page 8 of 9

claims that "form part of the same case or controversy" as the federal clams, but a plaintiff must first have a cognizable claim for relief under federal law.[35] Because the Court has dismissed Plaintiff's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims raised in the Complaint.

**IT IS THEREFORE ORDERED:**

1. The Clerk shall update Plaintiff's address to the Parkview Center, 831 B Street, Anchorage, AK 99501.

2. This case is **DISMISSED with prejudice.**

3. This dismissal does **not** count as a "strike" under 28 U.S.C. § 1915(g).

4. All pending motions are **DENIED as moot.**

5. The Clerk shall issue a final judgment and close this case.

DATED this 4th day of August 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[35] 28 U.S.C. § 1367(a).

Case No. 3:25-cv-00027-SLG, *Erdmann v. Alaska Department of Corrections, et al.*
Order of Dismissal upon Screening
Page 9 of 9
Case 3:25-cv-00027-SLG     Document 14     Filed 08/04/25     Page 9 of 9